UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
UNITED STATES OF AMERICA

MCCANLES, Rustin

VERSUS                                                              JUDGE: _____

U. S. DEPARTMENT OF JUSTICE, through
Federal Bureau of Prisons

                                                                    MAG: _____

COMPLAINT FOR DAMAGES

1.

INTRODUCTION

This is a Federal Tort Claims lawsuit brought by the Plaintiff Rustin McCanles, a man in the custody of the Federal Bureau of Prisons, for personal injuries resulting from negligent delay in medical treatment and violation of federally protected civil rights, as well as state law claims, including under La. C.C. art. 2315.  Mr. McCanles was injured while voluntarily performing work as an inmate and required both diagnostic and orthopedic surgical treatment which was denied him, and, as a result, the delay in treatment deprived him of medical options that would likely have led to a satisfactory medical result, and, instead, due to the delay, has left him permanently impaired.

2.

JURISDICTION

This action arises under the Federal Tort Claims Act 28 U.S.C. § 1346, the FOURTH, EIGHTH, and FOURTEENTH Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988. This Court has jurisdiction of this cause under 28

U.S.C. sections 1331 and 1343. Venue is proper under 28 U.S.C. section 1391 in that the cause of action arises in Western District of Louisiana and that all alleged acts occurred within the jurisdiction of the Western Federal District of Louisiana. Supplemental jurisdiction attaches to all state law claims under 28 US.C. 1367.

3.

Made Plaintiff herein is:

Rustin McCanles, an adult currently in the custody of the Bureau of Prisons, who was incarcerated in Pollock, Louisiana at all times pertinent to this litigation, and who is domiciled in Rapides Parish, Louisiana.

4.

Made Defendants herein are:

U. S. Bureau of Prisons, whose Director is Colette S. Peters, located at Federal Bureau of Prisons, 320 First St. NW, Washington, DC 20534; and

Warden Garrett, acting warden of the U. S. Penitentiary at Pollock, Louisiana, located at 1000 Airbase Road, Pollock, LA 71467.

CONDITIONS PRECEDENT

5.

Plaintiff timely presented his claims in writing on Standard Form 95 prescribed by the Department of Justice pursuant to 28 CFR 14.2 to the Claims Office of the Bureau of Prisons, South Central

Regional Office, on 8 February 2023. Final disposition of the claims has been reached, and less than six months have passed since the claims were properly presented.

6.

FACTUAL ALLEGATIONS

On or about February 28th, 2018, Mr. McCanles was "levelling" and ice machine as part of his prison work responsibilities. As He lifted it, one of his hands slipped, and the falling equipment jerked his forward from the point of attachment to the device, his other hand. This extensor movement injured his upper arm and arm joints. He reported to "sick call" the following day with increased pain, bruising, and loss of sensation to parts of his arm. Objective observation from the health care provider disclosed observable deformation to the right bicep, and he was given medication and x-rays. The physical presentation suggested th e possibility of soft tissue tearing, so an MRI was suggested. Instead, he was referred to an orthopedic evaluation, more than a month later on March 4, 2022; however, that appointment was terminated by the facility. A week later, Heath Services declined to reschedule the appointment, and, instead, requested a "clarification of the MRI orders. About a month later, Mr. McCanles was seen by Health Services, again, for continued problems with his arm. The MRI had still not been performed. His physical presentation spurred more action, and the following day, he was given a shoulder—not arm—MRI. The diagnoses was for tendon problems, including a reference to his shoulder, but did not address his arm complaints. About a week later, he was finally seen by an orthopedic specialist who immediately recognized his physical presentation as acute injury and obtained a pre-surgical MRI for the elbow, which had a palpable mass and tendon rupture. On April 26, 2022, Mr. McCanles was sent to surgery for a right distal bicep rupture. Unfortunately, it was too late to

expect an optimal outcome, and he was diagnosed, postoperatively, with irreparable biceps rupture with retraction and tendon scarring and degeneration.  The basis of this claim is the negligent delay in routing Mr. McCanles to an orthopedic specialist who could have intervened timely to preserve the function of the injured right arm.

FEDERAL TORT CLAIM

7.

The negligence and fault of the Bureau of Prisons consisted of the following illustrative particulars:

    A.    In failing to have in place guidelines and procedures that would timely direct prisoners to proper medical treatment and evaluation;

    B.    In failing to timely obtain the acute medical care Mr. McCanles needed;

    C.    In failing to obtain the care timely that the procedures in place dictated.

8.

At all times pertinent to this litigation, Warden Garrett was acting within the course and scope of his employment, and, responsible for the welfare of those under his charge, including Mr. McCanles, and he was responsible for the healthcare provisions available to the prisoners..

9.

The legal and proximate cause of the initial injury is work-related, and covered by the Inmate Accident Compensation Program, 18 USC 4126; however, the delay in treatment is alleged to be independent negligence on the part of the Government, as well as a violation of the inmates constitutional rights, outside of the exclusive remedies of the Inmate Injury Program.

10.

A legal and proximate cause of the plaintiff's damages was the fault and actions of the Government, after the initial injury-causing event.

11.

Under the laws of the State of Louisiana, a private person would be liable to the plaintiff for the aforementioned acts and omissions. Under 28 U.S.C. §2674, the United States is liable to the plaintiff for his damages resulting from the injury

CIVIL RIGHTS VIOLATION

12.

Government defendants intentionally prioritied others matters over the emergent need for Mr. McCanles' care, a violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

13..

As a result Plaintiffs, suffered special damages and general damages, including but not limited to pain, suffering, fright and apprehension, mental anguish, loss of enjoyment of life, permanent disability, loss of future wafges, future medical expenses, deprivation of his federally protected rights against cruel treatment, as well as other damages to be proved at trial.

14.

Defendants' actions were willfully indifferent to the Plaintiffs federally protected rights under the Fourth, Eighth, and Fourteenth Amendments because they knew or should have known that adverse health consequences would likely result from their failure to allow Mr. McCanles timely medical treatment. Punitive damages are demanded, as well as reasonable attorney's fees.

15.

Plaintiffs allege that at all relevant times, Defendants were under color of law in the course and scope of their employment.

## STATE LAW CLAIMS

Plaintiff seeks negligent and intentional act damages from all defendants.

16.

Plaintiffs also seek damages for his pain and suffering, loss of enjoyment of life, lost earning capacity, permanent disfigurement and disability, and other damages to be proven at trial.

17.

## PUNITIVE DAMAGES AND ATTORNEY'S FEES

Defendants Garrett is liable for malicious and/or willful indifference to Plaintiff's federally protected rights. Accordingly, punitive damages and attorney's fees are demanded.

18.

## VICARIOUS LIABLILITY UNDER STATE LAW

Defendant officers were acting under color of their authority as BOP employees. The Government is liable for all state law delicts and torts of its employees committed in the course and scope of their employment through state law under CC Art. 2315, et seq.

19.

Plaintiffs respectfully request TRIAL BY JURY.

PRAYER FOR RELIEF

Plaintiffs request that this Court assume jurisdiction over this cause, grant them compensatory and punitive damages, costs and attorney's fees, judicial interest running from date of demand, and award all other proper relief.

Respectfully submitted,

s/ S. Christie Smith IV
_____
Attorney at Law
La. Bar Roll #24.882
300 E. Courthouse Street
Leesville, LA 71446
T (337) 239-2244
Christie.smith@smithlex.com